M‘Kjnney, J.,
delivered the opinion of the Court.
This was an action of debt. The foundation of the action purports to be a promissory note made to the defendants in error for three hundred and six dollars and fifty-three cents. The paper was not executed by the plaintiff in error in proper person: it is signed thus: *56 “ Henry A. Farnsworth, by Daniel 0. Sisk.” The defendants below plead not est factum.
It appears from the proof that two grounds were assumed by the defendant in support of the plea: First, the entire want of authority on the part of the supposed agent to execute the paper, and, secondly, that the paper when executed was under seal; and that afterwards the scroll attached to the name of Farnsworth as a seal was surreptitiously erased. Verdict and judgment were for the plaintiffs, and the defendant appealed in error. The errors assigned are in the instruction of the Court to the jury.
1. His Honor instructed the jury that, “If the note sued upon bears signs upon its face of interlineation, or erasure, or that the paper has been scraped, as though a scroll had been made for a seal and erased, but it does not appear when it had been done, the law presumes that such interlineation, erasure, and scraping of the paper took place at and before the note was signed and delivered by Daniel C. Sisk as the agent of the defendant; and the burden of proof that such interlineation, erasure, and scraping of the paper took place after the note was signed and delivered to the plaintiffs, rests upon the defendant.”
This instruction, as applied to the question of fact in issue, the alleged alteration of the note by the erasure of the scroll, is incorrect.
In general, whenever an instrument labors under suspicion from an apparent alteration, in the legal sense of that term, the party claiming under or offering it in evidence is required to explain and remove such suspicion. The rule applicable to the facts of this case is correctly stated in 1 Grreenleaf on Ev., § 564. After stating what circumstances have been held sufficient in several instances to free the *57 instrument from suspicion, it is said that, generally speaking, if nothing appears to the contrary, the alteration will be presumed to be contemporaneous with the execution of the instrument. But if any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing, but leaves the question of the time when it was done, as well as that of the person by whom and the intent with which the alteration was made, as matters of fact to be ultimately found by the jury, upon proofs to be adduced by the party offering the instrument in evidence.
From this very perspicuous and correct statement of the rule governing the case, the error of the instruction to the jury is sufficiently apparent without comment.
2. It is assumed in the argument, that the Court in effect .instructed the jury that an authority to the agent to execute the note sued on might be implied, notwithstanding the fact that his agency was created and limited by an authority in writing, which did not, in terms, confer upon him authority to make the note in question. Perhaps it is scarcely proper, upon the state of the record, to enter into this question, as, from the apparent obscurity of the charge upon this point, and the unsatisfactory character of the proof upon which this question is attempted to be raised, it might be doing injustice to the judge to assume that he intended to lay down the unqualified proposition, as understood by the counsel for the plaintiff in error.
It may, however, be stated as a correct general proposition, that an authority cannot be implied where an express, definite authority in writing exists. Yet this general principle is not without its limitations and qualifications, as will be seen by reference to the authorities. But the case *58 in hand does not require that we should pursue this discussion. Judgment reversed.